IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMED KADIL, | No. CIV S-03-2333-MCE-CMK |
| Plaintiff, | |
| vs. | ORDER |
| EDWARD S. ALAMEIDA, JR., et al., | |
| Defendants. | |

      Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for the appointment of counsel (Doc. 20). The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances.

This matter has now been at issue for sufficient time that it may be ready to be set for trial. The parties shall therefore each submit to the court and serve by mail on all other parties a report on the status of this case. The report must address the following:

1. Whether this matter is ready for trial and, if not, why not;

2. Whether additional discovery is deemed necessary and, if so, the nature and scope of the discovery and the time needed in which to complete it;

3. Whether a pretrial motion is contemplated and, if so, the type of motion and the time needed to file the motion and complete the time schedule set forth in Local Rule 78-230(m);

4. A narrative statement of the facts that will be offered by oral or documentary evidence at trial;

5. A list of all exhibits to be offered into evidence at the trial of the case;

6. A list of the names and addresses of all witnesses the party intends to call;

7. A summary of the anticipated testimony of any incarcerated witnesses;

8. The time estimated for trial;

9. Whether either party still requests trial by jury; and

10. Any other matter, not covered above, which the party desires to call to the attention of the court.

The parties are warned that failure to file a status report which addresses the issues set forth above may result in the imposition of appropriate sanctions, including dismissal of the action or preclusion of issues or witnesses.

The parties are informed that they may, if all consent, have this case tried by a United States Magistrate Judge while preserving their right to appeal to the United States Court of Appeals. An appropriate form for consent to trial by a magistrate judge is attached. Any party choosing to consent may complete the form and return it to the clerk of this court. Neither the magistrate judge nor the district judge handling the case will be notified of the filing of a consent

1 form unless all parties to the action have consented.

2         Accordingly, IT IS HEREBY ORDERED that:

3         1.     Plaintiff's motion for the appointment of counsel is denied;

4         2.     Plaintiff's status report shall be filed and served within 30 days from the

5 date of service of this order;

6         3.     Defendants' status report shall be filed within thirty days after service of

7 plaintiff's status report; and

8         4.     The Clerk of the Court is directed to mail to all parties the form "Consent

9 to Proceed Before United States Magistrate Judge," together with the instant order.

11 DATED: October 17, 2005.

                                                                     **CRAIG M. KELLISON**
                                                                       UNITED STATES MAGISTRATE JUDGE