1

2

3

4

5              **IN THE UNITED STATES DISTRICT COURT**

6           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

7

8    AHMED KADIL,                              No. CIV S-03-2333-MCE-CMK-P

9              Plaintiff,

10         vs.                                 ORDER

11   EDWARD S. ALAMEIDA, JR.,
     et al.,
12
               Defendants.
13
                                         /
14

15         Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil

16   rights action pursuant to 42 U.S.C. § 1983.  The complaint in this case names E. Alameida, Jr.,

17   and J. Spaulding as defendants.  By order dated March 24, 2004, the court determined that

18   service of the complaint was appropriate for defendant Spaulding, but declined to order service

19   on defendant Alameida because the complaint failed to allege a sufficient causal link as to such

20   defendant.[1]  The order, however, did not specifically grant plaintiff leave to amend.  Because it is

21   possible that the deficiency identified in the March 24, 2004, order may be cured by amending

22   the complaint, plaintiff is entitled to leave to amend prior to dismissal of defendant Alameida.

23   See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

24         Plaintiff is informed that, as a general rule, an amended complaint supersedes the

25   _____

26         [1]      Defendant Spaulding has been served and answered the complaint on July 2,
     2004.

                                              1

1  original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if

2  plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make

3  plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must

4  be complete in itself without reference to any prior pleading.  See id.

5            If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

6  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

7  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

8  each named defendant is involved, and must set forth some affirmative link or connection

9  between each defendant's actions and the claimed deprivation.  See Rizzo v. Goode, 423 U.S.

10  362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d

11  740, 743 (9th Cir. 1978).

12            If plaintiff fails to file an amended complaint, the court will recommend dismissal

13  of defendant Alameida and that this action will proceed against defendant Spaulding only.

14            Finally, the requirement that the parties submit status reports will be lifted.  The

15  court will establish a schedule for the remainder of this litigation at a later date.

16            Accordingly, IT IS HEREBY ORDERED that:

17            1.       Plaintiff is granted leave to file and serve a first amended complaint within

18  30 days of the date of service of this order; and

19            2.       The requirement that the parties submit status reports is lifted.

20

21  DATED:  November 28, 2005.

22

23                                                        _____

                                                          CRAIG M. KELLISON
24                                                        UNITED STATES MAGISTRATE JUDGE

25

26

2