1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   AHMED KADIL,                          No. CIV S-03-2333-MCE-CMK-P

12              Plaintiff,

13        vs.                              ORDER

14   EDWARD S. ALAMEIDA, JR.,
     et al.,

15
                Defendants.
16
     _____/
17

18              Plaintiff and defendant have submitted reports concerning the status of this case.

19   Pursuant to Federal Rule of Civil Procedure 16(b), the court will, by this order, set a schedule for

20   this litigation.

21              In due course, the parties will be required to file pre-trial statements in accordance

22   with the schedule set forth below.  In addition to the matters already required to be addressed in

23   the pre-trial statement in accordance with Eastern District of California Local Rule 16-281,

24   plaintiff will be required to make a particularized showing in his pre-trial statement in order to

25   obtain the attendance of witnesses.  Plaintiff is advised that failure to comply with the procedures

26   set forth below may result in the preclusion of any and all witnesses named in his pre-trial

1

1   statement.

2           At the trial of this case, plaintiff must be prepared to introduce evidence to prove

3   each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two

4   kinds of trial evidence:  (1) exhibits; and (2) the testimony of witnesses.  It is plaintiff's

5   responsibility to produce all of the evidence to prove his case, whether that evidence is in the

6   form of exhibits or witness testimony.  If plaintiff wants to call witnesses to testify, he must

7   follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

8           An incarcerated witness who agrees voluntarily to attend trial to give testimony

9   cannot come to court unless this court orders the warden or other custodian to permit the witness

10  to be transported to court.  This court will not issue such an order (called a writ of habeas corpus

11  ad testificandum) unless it is satisfied that: (1) the prospective witness is willing to attend; <u>and</u>

12  (2) the prospective witness has actual knowledge of relevant facts.

13          <u>With the pre-trial statement</u>, a party intending to introduce the testimony of

14  incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a

15  written motion for a court order requiring that such witnesses be brought to court at the time of

16  trial.  The motion must:

17          1.      State the name, CDC Identification number, and address of each such
                    witness; and
18
            2.      Be accompanied by affidavits showing that each witness is willing to
19                  testify and that each witness has actual knowledge of relevant facts.

20      The willingness of the prospective witness can be shown in one of two ways:

21          1.      The party himself can swear by affidavit that the prospective witness has
                    informed the party that he or she is willing to testify voluntarily without
22                  being subpoenaed.  The party must state in the affidavit when and where
                    the prospective witness informed the party of this willingness; or
23
            2.      The party can serve and file an affidavit sworn to by the prospective
24                  witness, in which the witness states that he or she is willing to testify
                    without being subpoenaed.
25  / / /

26  / / /

2

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

1.      The party himself can swear by affidavit that the prospective witness has actual knowledge.  However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts.  For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify; or

2.      The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness.  Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court.  Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pre-trial statement a motion for the attendance of such witnesses.  Such motion should be in the form described above.  In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

It is the responsibility of the party who has secured an unincarcerated witness' voluntary attendance to notify the witness of the time and date of trial.  No action need be sought or obtained from the court.

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, not earlier than four weeks and not later than two weeks before trial, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness.  Blank subpoena forms may be obtained from the Clerk of the Court.  Also, the party seeking the witness' presence must tender an appropriate sum of money to the witness through

1   the United States Marshal.  In the case of an unincarcerated witness, the appropriate sum of

2   money is the daily witness fee of $40.00 <u>plus the witness' travel expenses</u>.

3         A subpoena will not be served by the United States Marshal upon an

4   unincarcerated witness unless the subpoena is accompanied by a money order made payable to

5   the witness for the full amount of the witness' travel expenses plus the daily witness fee of

6   $40.00, and a copy of the court's order granting plaintiff in forma pauperis status.  As noted

7   earlier, because no statute authorizes the use of public funds for these expenses in civil cases, the

8   tendering of witness fees and travel expenses is required even if the party was granted leave to

9   proceed in forma pauperis.

10        Having considered the parties' status reports, the court will set the following

11  schedule:

12        1.     The parties may conduct discovery until September 1, 2006.  Any motions

13  necessary to compel discovery shall be filed by that date.  All requests for discovery pursuant to

14  Federal Rule of Civil Procedure 31, 33, 34, or 36 shall be served not later than sixty days prior to

15  this cut-off date.

16        2.     All pre-trial motions, except motions to compel discovery, shall be filed

17  on or before November 1, 2006.  Motions shall be briefed in accordance with Local Rule 78-

18  230(m), unless otherwise directed.  <u>See</u> Local Rule 1-102(d).

19        3.     Plaintiff shall file and serve his pre-trial statement, and any motions

20  necessary to obtain the attendance of witnesses at trial, on or before January 2, 2007.  Defendant

21  shall file his pre-trial statement on or before February 2, 2007.  The parties are advised that

22  failure to file a pre-trial statement may result in the imposition of sanctions, including dismissal

23  of this action.

24        4.     A pre-trial conference, as described in Local Rule 16-282, is set in this

25  case before the magistrate judge.  The pre-trial conference shall be conducted by the undersigned

26  on the file only, without appearances, following submission pre-trial statements.

1    5.    The matter will be set for trial by separate order following the pre-trial

2    conference on the file.

3          Accordingly, IT IS HEREBY ORDERED that:

4    1.    Discovery, including the filing of any motions to compel, shall be

5    completed by September 1, 2006;

6    2.    All pre-trial motions, except motions to compel discovery, shall be filed

7    by November 1, 2006;

8          3.    Plaintiff's pre-trial statement is due by January 2, 2007; and

9          4.    Defendants' pre-trial statement is due by February 2, 2007.

10

11   DATED:   April 19, 2006.

12

13   CRAIG M. KELLISON
     UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26