**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

AHMED KADIL,

    Plaintiff,

    vs.

EDWARD S. ALAMEIDA, JR., et al.,

    Defendants.

No. CIV S-03-2333-MCE-CMK-P

FINDINGS AND RECOMMENDATIONS

/

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion for summary judgment (Doc. 33). Plaintiff has not filed an opposition.

**I. BACKGROUND**

Plaintiff alleges that defendant Spaulding placed him in a cell with an Hispanic inmate who assaulted him the following day. Plaintiff claims that he told prison officials that he could not be housed with an Hispanic inmate – Torres. According to the undisputed facts outlined by defendant in his motion for summary judgment, plaintiff admitted that, at no time

1

before being assaulted by Torres, did he inform prison officials that he was afraid for his safety. The only reason given by plaintiff for his preference not to be housed with an Hispanic inmate was that he did not want to associate with that group. Plaintiff's prison record shows that, between 1994 and 2002, plaintiff was housed with ten Hispanic inmates. Finally, there is no evidence that inmate Torres was a member of a prison gang or that inmate Torres was listed as an enemy in plaintiff's central file.

## II. STANDARD FOR MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

///

1    If the moving party meets its initial responsibility, the burden then shifts to the
2 opposing party to establish that a genuine issue as to any material fact actually does exist. See
3 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to
4 establish the existence of this factual dispute, the opposing party may not rely upon the
5 allegations or denials of its pleadings but is required to tender evidence of specific facts in the
6 form of affidavits, and/or admissible discovery material, in support of its contention that the
7 dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party
8 must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome
9 of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986);
10 T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and
11 that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict
12 for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).
13   In the endeavor to establish the existence of a factual dispute, the opposing party
14 need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the
15 claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
16 versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary
17 judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
18 genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
19 committee's note on 1963 amendments).
20   In resolving the summary judgment motion, the court examines the pleadings,
21 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
22 any.  See Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See
23 Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed
24 before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.
25 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
26 produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

1  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
2  1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
3  show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken
4  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
5  'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

### III.  DISCUSSION

The gravamen of plaintiff's complaint is that defendant Spaulding was deliberately indifferent to a safety risk posed by housing him with inmate Torres, an Hispanic inmate.  The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Under these principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833.  To demonstrate that a prison official was deliberately indifferent to a safety risk, the prisoner must establish that the official knew of the risk but disregarded it.  See Farmer, 511 U.S. at 837.  The very obviousness of the risk may suffice to establish the knowledge element.  See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a

safety risk.  See Farmer, 511 U.S. at 844.

In her motion for summary judgment, defendant Spaulding argues that she had no knowledge of any safety risk to plaintiff posed by housing him with Torres, or any other Hispanic inmate.  While plaintiff did in fact express his desire not to be housed with an Hispanic inmate, defendant Spaulding asserts that this desire was based on personal preference and not on any safety concerns.  Defendant Spaulding's assertion is supported by the evidence submitted with the motion for summary judgment.  For example, plaintiff admitted in his deposition that he knew Torres couldn't hurt him because he (Torres) was an old man and ill.  To the point, the following exchange took place at plaintiff's deposition:

> Q:   So you didn't have any safety concerns with the first cellie that they offered you?
>
> A:   No, but I don't want associate with the Mexicans.  That's it.

In a declaration filed in support of her motion for summary judgment, defendant Spaulding states:

> [I]nmate Kadil did not inform any correctional staff, including myself, of any safety concerns.  There was no information that Kadil had been threatened, been the victim of previous assaults, or faced any substantial risk of harm from inmate Torres or other Mexican inmates.  At the time of the incident, inmate Kadil had no documented enemies at the California Medical Facility.

Based on the exhibits attached to defendant Spaulding's motion for summary judgment, the court finds that she has met her summary judgment burden of demonstrating the failure of a necessary element of plaintiff's claim.  Specifically, the evidence shows that defendant Spaulding did not have any knowledge of a risk to plaintiff's safety posed by housing him with Torres or other Hispanic inmates.  Plaintiff has not presented any evidence in opposition, and the court cannot find any evidence in the current record which would suggest a genuine dispute as to defendant Spaulding's knowledge.  Therefore, summary judgment in

defendant's favor is appropriate.

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

    1.    Defendant Spaulding's motion for summary judgment (Doc. 33) be granted; and

    2.    The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 20, 2007.

                                              **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE